ISAAC STACHOWITZ *vs.* BARRON ANDERSON COMPANY.

Androscoggin.   Opinion December 20, 1923.

*The parties to an agreement may modify the original contract by agreement, and by agreement they can abrogate the modification.*

In this case the presiding Justice in effect found this to be the situation and his finding is justified by the evidence.

On exceptions. Action for covenant broken. The parties entered into a sealed contract under the terms of which the defendant agreed to employ the plaintiff as a pressman in his clothing factory at Lewiston for one year at $75 per week. Before the expiration of the year defendant moved his factory to Boston and did not comply with the terms of the contract in employing plaintiff. The case was heard by the presiding Justice who found for the plaintiff in the sum of $2,255. Counsel for defendant requested several rulings on matters of law which were refused and exceptions entered. Exceptions overruled.

The case is fully stated in the opinion.

*Benjamin L. Berman, Jacob H. Berman and Edward J. Berman,* for plaintiff.

*William H. Newell,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

CORNISH, C. J.   Action for covenant broken heard by the Justice of the Superior Court, Androscoggin County, without the intervention of a jury.

The parties entered into a sealed contract dated June 13, 1921, whereby the defendant covenanted to employ the plaintiff in its clothing factory at Lewiston as pressman, for the term of one year from date at a salary of $75 per week. It appears that the defendant had moved its machinery and establishment to Lewiston at or about that date, and the plaintiff in consequence of this contract had moved his family from Boston and had established his home in Auburn. The declaration alleges a breach by the defendant company by closing and removing their factory from Lewiston to Boston and thereby preventing the plaintiff from performing his work as pressman and then and there refusing to give the plaintiff further employment as pressman in their factory at Lewiston. The first count alleges September 5, 1921, the second, September 9, 1921, as the date of the breach. In other particulars the two counts are alike.

The defendant pleaded non est factum with a brief statement admitting the contract, the removal of its factory to Boston on September 5, 1921, alleging that the plaintiff had received his wages up to September 10, 1921, and that at the date of the writ, September 10, 1921, there had been no breach of the contract, and therefore the suit was prematurely brought; and further alleging that it intended to ship goods from its factory in Boston to the plaintiff in Lewiston to be pressed in the same manner as had been done in the Lewiston factory and at the same price.

By the admission in the brief statement, as well as by the evidence, it is shown that the defendant by removing its factory to Boston on September 5, had rendered it impossible to comply with the terms of the contract and therefore was guilty of a breach unless the plaintiff assented to the changed conditions.

It appears that Mr. Barron, of the defendant company, on Monday, September 5, submitted three propositions to the plaintiff in the nature of modifications of the contract:

1. Plaintiff to go to Boston and continue work there.

2. Defendant to pay plaintiff $600 to adjust all claims under the contract.

3. The defendant to provide some place and appliances in Lewiston where plaintiff could work and to send clothes to him to be pressed and sent back to Boston.

The first two propositions the plaintiff immediately declined. The third he took under consideration and later in the same day wrote Mr. Barron as follows:

"Auburn, Me., Sept. 5, 1921.

DEAR MR. BARRON:

I have decided to stay in Lewiston and do your work that you will send me over. For its toward Winter and I don't see what I can do otherwise.

Respectfully yours,

ISAAC STACHOWITZ."

As Mr. Barron went from Lewiston to Portland after this interview and thence to New York, he did not return to Boston, where plaintiff had addressed the letter, until the last of the week.

Upon this state of facts the presiding Justice at the first trial before him without the intervention of a jury, held that there had been a breach prior to September 10, on which date the writ was brought and gave judgment for the plaintiff. Defendant's exceptions to this ruling were sustained by the Law Court. *Stachowitz* v. *Barron Anderson Company*, 121 Maine, 534. This court held that the original contract of June 13, had been modified by this mutual agreement of September 5, and as the opinion states: "The contract which alone was in force on September 10th was made after and in view of the defendant's closing its factory and removal to Boston. It is obviously impossible that there could have been any breach caused by such closing and removal." This refers to any breach of the alleged modified contract whereby the plaintiff was to continue his work in Lewiston on clothing sent to him from Boston, because the closing and removal were contemplated in, and the reason for, the modified contract. These words do not refer to the original contract. The opinion continues: "There was no suggestion of repudiation of the only contract then in existence between the parties, to wit, the contract made by the defendant's offer and the plaintiff's written acceptance of September 5. . . . . At the date of the beginning of the action there was nothing due the plaintiff for services rendered; nothing on the contract of June 13, for that had been superseded by a modified contract, and the modified contract had not been violated or renounced by either." Under the incomplete evidence before the court at the first trial this position is impregnable

and the decision in harmony with law and fact.   The full evidence covering the transactions between September 5, the date of the modified contract, and September 10, the date of the writ, was not before the court at that time.

A second trial has been had, also before the presiding Justice without the intervention of a jury.   Again he has given judgment for the plaintiff, this time in the sum of $2,255, and again the case is before the Law Court on defendant's exceptions.

At this second trial the paramount issue was the abandonment or waiver of the modification on both sides and the continued existence of the original contract unmodified.   The presiding Justice in effect found this to be the situation and his finding is justified by the evidence.

It is apparent that both parties at least on and after September 8, mutually disregarded the proposed modification and by their words and their acts were considering their legal rights on the basis of the original contract alone.   This they had a legal right to do.   They could by agreement modify the original contract and subsequently by agreement they could abrogate the modification.   This they evidently did prior to the bringing of this action.

This left their rights to be determined under the terms of the original contract, and to the breach of that contract there is no defense.

The entry will therefore be,

*Exceptions overruled.*